

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Reagan S. Wycha
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-4664
Re: Under the facts submitted can
the district attorney of Gregg
County join pro forma in the
execution of a deed by his wife,
conveying the property now
designated as her separate
property without violating
Article 173, of the Penal Code,
and a related question?

Your letter of recent date requesting the opinion
of this department on the questions stated therein reads as
follows:

"Gregg County, with the assistance of the
Federal Government, is constructing a large air-
port near Longview, Texas.

"It now appears that Military Agencies de-
sire the use of this airport as a National De-
fense Measure and have requested the purchase of
additional land.

"Adjacent to the present airport site is
the farm and home of District Attorney Fred Eris-
man of Gregg County, Texas. All of his property
will be required for the extension of the air-
port.

"There is no disagreement between the Dis-
trict Attorney and the County Commissioners as
to the price to be paid as damages for the tak-
ing of this property, but two questions have
arisen and are the basis of this request for
your opinion.

"FIRST: On August 20, 1941 the District Attorney conveyed to his wife, as her separate property, the north twenty acres of this farm and also a portion of the land that is now desired for airport purposes. QUESTION: Can the District Attorney join pro forma in the execution of a deed by his wife, conveying the property now designated as her separate property without violating Article 373 of the Penal Code.

"SECOND: The homestead of the District Attorney is on the remaining portion of the property desired by the County and Military authorities for airport purposes, and is now actually being used by him and his wife as their home. QUESTION: Can the District Attorney and his wife execute a deed to Gregg County, conveying this property without violating the provisions of Article 373 of the Penal Code?

"It is the desire of all parties to convey this property legally and we would appreciate your suggestions as to how this conveyance can be made without a great loss of time."

Article 373, Vernon's Annotated Penal Code, provides:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

Article 1269h, Vernon's Annotated Civil Statutes, provides:

"Section 1. A - That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire, by purchase without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an airport, or lease, or sell, to the Federal Government, tracts of land either within or without the corporate limits of such city and within the county in which such city is situated, and the Commissioners' Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county.

"...."

Section 2 of Article 1269h, supra, as amended Acts 1941, 47th Legislature, page 1345, chapter 609, section 1, provides in part:

"For the purpose of condemning or purchasing, either or both, lands to be used and maintained as provided in Section 1 hereof, and improving and equipping the same for such use, the governing body of any city or the Commissioners Court of any county, falling within the terms of such Section, may issue negotiable bonds of the city or of the county, as the case may be, and levy taxes to provide for the interest and sinking funds of any such bonds so issued, the authority hereby given for the issuance of such taxes to be exercised in accordance with the provisions of Chapter 1 of Title 22 of the Revised Civil Statutes of 1925.

"...."

We do not have sufficient facts to answer your first question as stated above. It is not indicated or

shown whether the husband will receive any money or property, or the representative of either, or any emolument or advantage regarding the sale of this land by the wife to the county. Therefore, as stated above, we do not have sufficient facts to answer this question and decline to pass upon the same.

We now consider your second question. In view of Article 373, supra, and the authorities cited thereunder, it is our opinion that your second question should be answered in the negative, and it is so answered.

It will be noted that the Commissioners' Court is authorized by Article 1269h, supra, to acquire by purchase without condemnation or by purchase through condemnation proceedings tracts of land within the limits of the county for the purpose of maintaining and operating an airport, or lease or sell tracts of land to the Federal Government for such purpose.

The general condemnation statute requires, as a prerequisite to the institution of proceedings, that the party desiring the property in question make an effort to agree with the owner upon the amount of compensation to be paid. The general condemnation statute provides a method of appropriating private property that is necessary for public use. Its provisions are substantially as follows:

The party desiring to condemn land must first seek out the owner of it and endeavor to agree with him on the amount of compensation therefor, if this fails, the party must file a petition or statement with the county judge of the county in which the land or part thereof is situated, describing the land sought, stating the purpose for which it is desired, naming the owner of the land and reciting the effort to agree. The judge must then appoint three disinterested freeholders as special commissioners to assess the compensation; and the commissioners must in turn fix a date for the hearing and cause notice thereof to be served on the landowner. After hearing the evidence, the commissioners must assess the damages or compensation and file their report with the county judge.

If no objections to the report are filed with-
in ten days, the judge must make the award the
judgment of the court; if objections are filed,
the case goes to the county court for trial
and determination as in other civil cases there-
in.

It is stated in Texas Jurisprudence, Volume 16,
page 731, that:

"... it seems to be now settled that
condemnation may be resorted to only in the
event that the parties have been unable to
agree after a bona fide effort has been made
by the party desiring to acquire the land.
..."

It is further stated in Texas Jurisprudence, Vol-
ume 16, section 125, page 741:

"The requirement that proceedings may not
be instituted under the general condemnation
statute unless an effort has first been made
to agree with the owner of the land upon the
amount of compensation to be paid for its tak-
ing, has already been noticed. While it seems
that at one time the statute did not expressly
require that compliance with this requirement
be pleaded, it appears to have been customary
to do so. In any event, it is now absolutely
necessary that the making of the effort and its
failure must be set forth in the statement or
petition for condemnation, otherwise the county
judge has no jurisdiction to appoint the com-
missioners nor to enter a decree of condemna-
tion, and any decree entered in such circum-
stances is void. When the statement or peti-
tion contains this allegation, however, the re-
quirement is fully met, and the question as to
whether or not the allegation is true may not
be inquired into either by the judge when the
paper is filed with him or by the commissioners
at their hearing. The matter may be investi-
gated only at the trial in the County Court
after the filing of objections to the award
of the commissioners."

You state in your letter, in effect, that there is no disagreement between the district attorney and the county commissioners as to the price to be paid for the taking of the property in question. The official mentioned is not in fact a district attorney, but is a criminal district attorney under Article 326q, V.A.C.S. If the above mentioned official was a district attorney, Article 373, supra, would not prohibit him from selling the property, in question, to the county. As above indicated, under the general condemnation statute, condemnation may be resorted to only in the event that the parties have been unable to agree, after a bona fide effort has been made by the parties desiring to acquire the land. The criminal district attorney cannot legally agree with the county commissioners in view of Article 373, supra, although he is willing to do so. Article 1269h, supra, does not provide that the procedure to be followed in condemnation proceedings under said statute shall be that set forth in the general condemnation statute, however said statute does not prescribe any procedure to be followed. Therefore, it is our opinion, that where a statute authorizes condemnation proceedings and fails to prescribe the manner of procedure, then the procedure set forth in the general condemnation statute is to be followed. It is our further opinion that the county can legally acquire both the separate property of the wife and the homestead of both parties by condemnation as authorized by Article 1269h, supra.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_
Ardell Williams
Assistant

APPROVED JUL 8, 1942

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

AW:ff


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN